IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANTONIO MARQUIS LATHON                                                PLAINTIFF

                    v.                          Civil No. 06-5133

CORPORAL WASHBOURNE;
and OFFICER KERN                                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983.  He proceeds pro se and in forma pauperis.

The events at issue in this lawsuit occurred while the plaintiff was incarcerated at the Washington County Detention Center. Specifically, plaintiff contends excessive force was used against him on November 20, 2005.

The court was previously advised in this case that Officer Wesley Kern died in an automobile accident on June 3 2006.  Plaintiff was asked whether he intended to pursue an individual capacity claim against Officer Kern (Doc. 19).  Plaintiff failed to respond to the court's order.

By order entered on August 24, 2007 (Doc. 35), plaintiff was advised that if he intended to pursue an individual capacity claim against Officer Kern a motion to substitute and/or add the estate or personal representative of Officer Kern must be filed.  Plaintiff was told if the motion was not filed by September 20, 2007, the undersigned would recommend that his claims against

-1-

Officer Kern be dismissed based on his failure to prosecute and his failure to obey the orders of the court.

To date, no motion to substitute has been filed.  Plaintiff has not requested an extension of time to file the motion to substitute.  The court's order has not been returned as undeliverable. Plaintiff has not communicated with the court in anyway.  I therefore recommend that plaintiff's claims against Officer Kern be dismissed for failure to prosecute and failure to obey the orders of this court.  Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of September 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-2-